**Emily M. Nazarov**, OSB # 993231
E-Mail: enazarov@pfglaw.com
PARSONS FARNELL & GREIN, LLP
1030 SW Morrison Street
Portland, Oregon 97205
Telephone:  (503) 222-1812
Facsimile:  (503) 274-7979
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **HCG SOFTWARE, LLC**, a Georgia limited liability company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**PUBLIC-SECTOR SOLUTIONS, INC.**, a Maryland corporation,<br><br>　　　　Defendant. | Case No. 3:09-CV-994-PK<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT PUBLIC SECTOR SOLUTION, INC.'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY |

　　　　Plaintiff HCG Software ("HCG") respectfully asks that the Court deny defendant Public-Sector Solutions, Inc.'s ("P-SS") Motion for Protective Order.  In the alternative, HCG asks the Court for an Order instructing P-SS to respond to those requests set forth in Plaintiff's Request for Production that bear on the jurisdictional issues to be decided by this Court in the pending

///

///

///

Motion to Dismiss for Lack of Personal Jurisdiction and Alternative Motion to Transfer Venue ("Motion to Dismiss").[1] (*See* Docket No. 10).

## LEGAL STANDARD

The Court has broad discretion to stay discovery in a case while a dispositive motion is pending. *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (citing *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1285 n.1 (9th Cir. 1977). A case-by-case analysis is required, however, since the determination will necessarily be fact specific and will depend upon the particular circumstances and posture of the case at issue. *Id.*

Even if the court determines that general discovery should be stayed, the court may allow limited discovery to aid in determining whether it has jurisdiction over the action. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977). The question of whether to allow such discovery is generally within the discretion of the trial judge. *America West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 800-01 (9th Cir. 1989). Discovery "should be allowed," however, "where pertinent facts bearing on the question of jurisdiction are in dispute." *Id.* at 801.

## ARGUMENT

P-SS will not suffer undue burden or expense if the motion for protective order is denied because P-SS's Motion to Dismiss, even if successful, will not necessarily terminate this action. P-SS admits in its memorandum filed in support of the Motion to Dismiss that P-SS would be subject to jurisdiction in either Maryland or Virginia, and that this action could have been filed by HCG in either of those forums. (*See* Docket No. 11, Defendant Public-Sector Solutions,

---

[1] Copies of Plaintiff's Request for Production and Plaintiff's Second Request for Production are attached to the Declaration of Keil Mueller in Support of Defendant's Motion for Protective Order.

Inc.'s Memorandum of Points and Authorities in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Alternative Motion to Transfer Venue, at p. 10.)  Even if the Court determines that it does not have jurisdiction over P-SS, the Court has the option of transferring the action to either Maryland or Virginia pursuant to 28 U.S.C. 1404(a).  Section 1404(a) allows a court to transfer the case without substantially affecting the rights of the parties.  *Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co.*, 178 F.2d 866, 868-69 (2d Cir. 1950) ("[W]hen an action is transferred, it remains what it was; all further proceedings in it are merely referred to another tribunal, leaving untouched whatever has been already done.").  Ultimately, P-SS will have to respond to the pending requests for production and produce all responsive documents.  A motion to stay would simply postpone the timing of that event rather than relieve P-SS of the obligation.

In the alternative, the Court should allow limited discovery on those issues that pertain to the pending jurisdictional questions.  Many of the requests set forth in HCG's First Request for Production go to the jurisdictional issues raised by P-SS in addition to the merits of the action.

HCG agrees with P-SS that the Motion to Dismiss raises the following jurisdictional issues: (1) whether P-SS consented to jurisdiction in Oregon; (2) whether P-SS promised to pay for services to be performed in Oregon; (3) whether P-SS authorized or ratified the performance of services to be performed in Oregon; and (4) whether other sufficient minimum contacts exist such that subjecting P-SS to jurisdiction in Oregon does not offend traditional notions of fair play and substantial justice.  The following discovery requests directly relate to these jurisdictional issues:

///

///

///

**REQUEST NO. 1:** All documents relating to the subcontract agreement entered into by P-SS and HCG Software for work to be performed by HCG Software in connection with the ASAP.[2]

**REQUEST NO. 4:** All documents relating to the March 27, 2009 addendum to the subcontractor agreement described in Request No. 1.

**REQUEST NO. 5:** All documents relating to the IFB and the Response to IFB.

**REQUEST NO. 15:** All Documents from January 1, 2007 through the date hereof that record, reflect, or refer to any conversations, correspondence, communications, or meetings between P-SS and HCG Software relating to the following:

```
* * * *
b)    ASAP
c)    HCG Software and/or HCGPrevision
* * * *.
```

This lawsuit arises out of a subcontractor relationship between P-SS and HCG. In or about August 2008, P-SS submitted a proposal in response ("Response") to an invitation for bid ("IFB") for the California Department of Mental Health's Accounting System Automation Project ("ASAP"). (Complaint ¶ 5.) In its Response, P-SS stated that it would use a combination of USF Financials government accounting software and HCGPrevision to meet the needs of the ASAP. (Complaint ¶ 5.) HCG Software had no knowledge of P-SS's Response, or of the use of HCGPrevision therein, until September 2008, when P-SS informed HCG that its Response had been accepted by DMH. (Complaint ¶¶ 5-6.) HCG Software and P-SS then began negotiations for HCG Software to provide its HCGPrevision product and professional services for the ASAP. (Complaint ¶ 6.)

Tony Alexis, Vice President of Services for P-SS, stated in his affidavit in support of the Motion to Dismiss that he had primary responsibility for negotiating on behalf of P-SS with HCG

---

[2] "ASAP" is an acronym for the California Department of Mental Health's Accounting System Automation Project.

regarding the subcontractor agreement and subsequent addendum and that, to the best of his knowledge, he never negotiated with any HCG officer, director or employee located in Oregon. (Alexis Decl. ¶¶ 6-7)[3] Mr. Alexis also states that he was not aware that HCG would perform services in Oregon. (Alexis Decl. ¶ 8.) In support of its Response to Defendant's Motion to Dismiss, HCG will submit an affidavit from Scott Stanton, President of HCG, stating the following points: (1) Mr. Stanton was involved in the subcontract negotiations with P-SS; (2) Mr. Stanton conducted his portion of the subcontract negotiations while located in Oregon; (3) during negotiations P-SS was made aware that the work to be performed by HCG would be performed primarily in Oregon; and (4) the majority of the work performed by HCG pursuant to the subcontractor agreement and addendum was, in fact, performed in Oregon. (Stanton Decl. ¶¶ 2-4.) Documents pertaining to the IFB are relevant to the jurisdictional dispute because they may show the initial course of contact between the parties. HCG should be allowed access to those documents to support its argument that P-SS reached out to HCG and sought out the services that HCG provides in Oregon. Documents pertaining to the subcontract agreement, the addendum, and the ASAP are relevant to the conflicting version of facts set forth in the Alexis and Stanton Declarations because they will shed light on the negotiations, the parties' understanding regarding where the work would be performed, and where the work actually was performed.

> **REQUEST NO. 2:** All documents relating to the HCGPrevision Master Agreement entered into by P-SS and HCG Software in 2009.
>
> **REQUEST NO. 3:** All documents relating to the HCGPrevision Master Agreement entered into by DMH and P-SS or HCG Software in 2009.

///

---

[3]The Alexis Declaration was filed in support of Defendant's Motion to Dismiss. (*See* Docket No. 13.)

Mr. Alexis states in his declaration that the licensing agreement, which is formally titled the "Master Agreement," was not related to HCG's work on the Department of Mental Health Project. (Alexis Decl. ¶ 12.) However, Section 5.1 of the subcontract agreement states that P-SS agrees to the terms contained in the licensing agreement. (Exhibit A, Nazarov Decl.) Whether the licensing agreement was or was not related to the subcontract agreement between P-SS and HCG is key to the jurisdictional dispute because Section 10.6 of the licensing agreement contains the forum selection clause HCG relies upon to support its argument that P-SS consented to jurisdiction in Oregon. (Exhibit B, Nazarov Decl.)

DATED this 30th day of September, 2009.

PARSONS FARNELL & GREIN, LLP

By: /s/ Emily M. Nazarov
Emily M. Nazarov, OSB #993231
E-Mail: enazarov@pfglaw.com
Telephone No.: 503-222-1812
Facsimile No.: 503-274-7979
Of Attorneys for Plaintiff